WILLIAM BOOTH, Appellant, v. WILLARD STONE, Respondent.

No. 2674; June 8, 1860.

**Ejectment.—A Complaint in Ejectment That Alleges** prior possession by the plaintiff and ouster by the defendant is sufficient.

APPEAL from Ninth Judicial District, Siskiyou County.

This was an action of ejectment, to recover possession of one hundred and sixty acres of land in Siskiyou county. The complaint set up that the plaintiff on the 23d of December, 1853, had entered upon, taken up and located the land, describing it, that it was government land, that on the day named record had been made in the office of the county recorder that the plaintiff went into possession at that time, inclosed, improved and cultivated the land for three years, and while he was in the legal, quiet and peaceable possession of it the defendant, on the 23d of December, 1856, by force and arms, broke and entered upon the premises, ejected the plaintiff and took the possession, and had retained the possession up to the bringing of the action and still retained it. Other allegations were that the plaintiff was the legal owner still, and lawfully entitled to the possession, of the premises, that he had frequently demanded them of the defendant, only to be refused, that he had cautioned the defendant and forbidden him occupying, cultivating or improving the land, that the defendant, ever since the 23d of December, 1856, had had the use, occupation, rents and profits of the land, which belonged to the plaintiff, and that the plaintiff had never sold, abandoned or in any manner disposed of his interest in, or right of possession to, the premises. The prayer was for the possession and for a named sum for use and occupation and rents and profits.

The defendant demurred generally and also on specific grounds, to wit: that the complaint did not show scisin in the plaintiff, that it contained no allegation that the plaintiff had received the esplees of the premises, none that he was at any time in the possession, and finally that it showed the plaintiff to have no interest in the premises, but rather that they belonged to the government.

The court sustained the demurrer and, the plaintiff refusing to amend, gave judgment for the defendant, from which judgment the plaintiff appealed.

Fletcher for appellant; Rosborough & Berry for respondent.

COPE, J.—The complaint contains all the allegations necessary to maintain the action. It alleges a prior possession in the plaintiff and an entry and ouster by the defendant.

The demurrer was improperly sustained.

Judgment reversed, and cause remanded for further proceedings.

We concur: Baldwin, J.; Field, C. J.